UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUCINDA LEIGH DAVIS,

*Plaintiff*,

v.

FEDERAL BUREAU OF INVESTIGATION,

*Defendant*.

Civil Action No. No. 23-3103 (AHA)

### Memorandum Opinion

Plaintiff Lucinda Leigh Davis sues the Federal Bureau of Investigation after being removed from a position for refusing to get COVID-19 and flu vaccinations. She brings a claim of religious discrimination under Title VII and a claim of disability discrimination under the Rehabilitation Act. The FBI moved to dismiss the Title VII claim because Davis failed to exhaust administrative remedies and the Rehabilitation Act Claim because Davis has not pled any disability. The Court grants the FBI's motion to dismiss.

I.   **Background**

According to the amended complaint, Davis began working at the FBI in 2013. ECF No. 11 ¶ 1. In 2021, she accepted an offer to work as an Administrative Specialist at the FBI's legal attaché office at the U.S. Embassy in Kenya. *Id.* ¶¶ 4–5. Davis alleges she holds a sincere religious belief that she has natural immunity from God, and that receiving a vaccination would violate that belief. *Id.* ¶¶ 11-12. Davis accordingly sought a religious accommodation to be exempt from any vaccination requirement. *Id.* ¶ 13.

After completing her training for the new position, FBI nurses informed Davis for the first time that she needed flu and COVID-19 vaccinations to be deployed to Kenya. *Id.* ¶¶ 16–18. Davis

1

stated that she did not plan on receiving the vaccinations, disputing that they were required for the position, as opposed to recommendations, and raising her religious accommodation request. *Id.* ¶¶ 20–25. According to Davis, she never received confirmation that vaccinations were required or a response to her accommodation request. *Id*. ¶¶ 26–27. The FBI later asked Davis to withdraw from the position because "she was not able to complete the necessary medical requirement." *Id.* at 32–33. Davis refused and, in January 2022, the FBI removed her from the position. *Id.* ¶¶ 37–39.

In May 2022, Davis filed a discrimination complaint with the agency's Office of Equal Employment Opportunity. *Id.* ¶¶ 43–48. In her complaint, Davis did not claim discrimination based on religion. Davis instead checked boxes indicating she was complaining of discrimination based on physical disability and genetic information. ECF No. 10-2 at 1. Although there was also a box to indicate her belief that the discrimination was based on religion, Davis did not check it. *Id.* Davis provided a written description of the discrimination she was alleging on the complaint form and an additional attachment, which also did not mention religion. She instead stated her belief that the FBI discriminated against her because it "must perceive" her to have "a physical disability" that requires vaccination. *Id.* at 2.[1]

---

[1] Davis referred to her administrative complaint in pleading her claim before this Court. *See* ECF No. 11 ¶ 43. The FBI attached a copy of the administrative complaint to its motion to dismiss, and Davis has not disputed the authenticity of the copy. Consistent with general practice in this and other jurisdictions, the Court takes judicial notice of the administrative complaint. *See Laughlin v. Holder*, 923 F. Supp. 2d 204, 209 (D.D.C. 2013) (observing that courts may take judicial notice of an administrative complaint mentioned in the plaintiff's pleading in resolving a motion to dismiss) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997)); *Vasser v. McDonald*, 228 F. Supp. 3d 1, 10 (D.D.C. 2016) (recognizing that courts have regularly taken judicial notice of administrative complaints in resolving a motion to dismiss when no party disputes their authenticity and collecting cases).

The FBI's Equal Employment Office and subsequently the Equal Employment Opportunity Commission issued decisions denying her discrimination complaint. Davis then filed this action, asserting a claim of religious discrimination under Title VII and a claim of disability discrimination under the Rehabilitation Act. *See* ECF No. 11 ¶¶ 50–64. The FBI has moved to dismiss both claims. *See* ECF No. 13.

## II. Discussion

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court "must take all the factual allegations in the complaint as true," though it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### A. Davis Did Not Exhaust Her Title VII Religious Discrimination Claim

In Title VII, Congress has authorized employees, including federal government workers, to sue for employment discrimination as long as they first "present a 'charge' or 'complaint' of discrimination or retaliation to the employing agency." *Webster v. Del Toro*, 49 F.4th 562, 566 (D.C. Cir. 2022) (quoting 42 U.S.C. § 2000e-16(c)). In doing so, Congress "gave agencies the 'primary responsibility' for resolving discrimination complaints and eliminating employment discrimination" and sought "to preserve for the employing agency a 'crucial administrative role' in addressing alleged violations." *Id.* (quoting *Brown v. GSA*, 425 U.S. 820, 832–833 (1976)). A plaintiff who then sues in federal court "may only bring claims in district court that were actually

3

part of the administrative charge." *Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 526 (D.C. Cir. 2019).

Here, Davis attempts to assert a claim of religious discrimination in this Court even though it is undisputed she did not complain of religious discrimination in her administrative complaint. *See* ECF No. 10-2. Davis's administrative complaint stated she was complaining of discrimination based on "physical disability" and "genetic information." *Id*. Given the option to select "religion" as one of the bases for discrimination, she did not select it. *Id.* And her complaint went on to describe the discrimination as being based on "physical disability" without mention of religion. *Id.* at 2. Having failed to charge religious discrimination in her administrative complaint, Davis cannot now assert it in federal court in the first instance. *See Haynes*, 924 F.3d at 527–29 (holding that plaintiff failed to exhaust where he selected "disability" in his administrative complaint but not the types of discrimination he later attempted to pursue in federal court).

Davis contends that she has properly exhausted her religious discrimination claim because, although she never complained of religious discrimination during the administrative process, the agency noted that she had "applied for a Reasonable Accommodation (RA) for medical and religious exemptions" in its investigation report. ECF No. 15 at 4. Citing out-of-circuit statements that a Title VII lawsuit "may extend to any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations," Davis argues that the agency's awareness that she had previously sought a religious accommodation sufficed to put it on notice that she was complaining of religious discrimination. *Id.* at 3 (quoting *Stewart v. Iancu*, 912 F.3d 693, 705 (4th Cir. 2019)).

This is unpersuasive. Even accepting that an employee can sue for any discrimination "like or related to" the filed charge, the like discrimination must at least "arise from the administrative

4

investigation that can reasonably be expected to follow the charge of discrimination" so as to give the agency "an opportunity to resolve the claim administratively." *Haynes*, 924 F.3d at 527 (internal quotation marks and brackets omitted). Here, the agency cannot reasonably have been expected to investigate religious discrimination when Davis limited her complaint to disability and genetic discrimination and never mentioned religious discrimination. That the agency's report mentioned Davis's request for a religious accommodation did not cure Davis's failure to charge religious discrimination—if anything, the fact that Davis requested a religious accommodation and then never raised any issue with it would have indicated otherwise. *See id.* at 529 (rejecting argument that agency was provided notice where plaintiff's charge "contained no claims or factual allegations that could reasonably be expected upon investigation to lead to evidence supporting" the types of discrimination he later asserted in federal court); *Webster*, 49 F.4th at 568 (rejecting argument that agency was on notice of a possible claim "lurking in the administrative record that neither was raised as, nor is 'like or reasonably related to,' the charged violations").[2]

## B. Davis Has Not Stated A Claim Under The Rehabilitation Act

The Rehabilitation Act prohibits discrimination based on actual or perceived disability. *See* 29 U.S.C. § 794(a); 29 U.S.C. § 705(20)(B) (adopting the definition for disability used in 42 U.S.C. § 12102). The Act defines "disability" to include (A) "a physical or mental impairment that substantially limits one or more major life activities"; (B) "a record of such an impairment"; or (C) "being regarded as having such an impairment." 42 U.S.C. § 12102(1).

---

[2] As Davis acknowledges, the D.C. Circuit has recently questioned whether the "like or reasonably related" standard that she relies upon remains viable. *See Haynes*, 924 F.3d at 526 n.1 (explaining that the standard is in some tension with *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). As in *Haynes*, however, the Court need not answer that question because Davis cannot meet even that lower exhaustion standard.

Here, Davis does not allege that she has any physical or mental impairment or any record of such impairment. Relying on the third part of the statutory definition, she alleges that the FBI's vaccine requirement means the FBI "must perceive I have a physical disability." ECF No. 10-2 at 2. According to Davis, the vaccine requirement was "based on the idea that she was 'impaired' in the sense that she might carry these diseases and spread them." ECF No. 15 at 6. This theory of liability has been thoroughly rejected by courts. *See Dixon v. Yellen*, No. 22-CV-3496, 2024 WL 1831967, at *2 (D.D.C. Mar. 21, 2024) (collecting cases); *Schneider v. Cnty. of Fairfax*, No. 22-cv-871, 2023 WL 2333305, at *4 (E.D. Va. Mar. 2, 2023) (collecting cases), *aff'd*, No. 23-1303, 2023 WL 5524752 (4th Cir. Aug. 28, 2023). To be sure, the Rehabilitation Act's definition of disability is expansive—for instance, the Act covers "an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). And the Act can cover discrimination against someone on the basis that they have or are perceived to have a contagious disease. *School Board of Nassau County v. Arline*, 480 U.S. 273, 284-85 (1984). But it is quite another thing to argue that the Act covers someone who is perceived to be healthy and simply capable of becoming sick. Such a person neither has nor is regarded as having an impairment, as the statute's language requires. Davis has accordingly failed to state a claim under the Rehabilitation Act.

### III.   Conclusion

For the foregoing reasons, the Court grants the motion to dismiss for failure to state a claim. A separate order consistent with this decision accompanies this memorandum opinion.

                                                      AMIR H. ALI
                                                      United States District Judge

Date: February 10, 2025